

Brittany Buccellato

Akerman LLP
1251 Avenue of the Americas
37th Floor
New York, NY  10020

D: 212 259 6461
T: 212 880 3800
F: 212 880 8965
DirF: 212 259 7196
brittany.buccellato@akerman.com

June 10, 2024

**VIA ECF**

The Honorable Jennifer L. Rochon
United States District Court
Southern District of New York
500 Pearl Street
New York, New York 10007

Re:   **Applegate v. The Mount Sinai Hospital**
      **23 Civ. 6981 (JLR)**

Dear Judge Rochon:

      On behalf of our client, The Mount Sinai Hospital ("Mount Sinai"), we write in opposition to counsel for Plaintiff's letter, dated June 7, 2024, seeking to compel Mount Sinai to produce documents in response to Requests Nos. 16, 20, 23, 39, 40, 41, and 42 of Plaintiff's First Set of Document Demands.

      As a preliminary matter, counsel for Plaintiff, Bruce Menken, failed to comply with the Court's Individual Rule 2(E), which requires that "at a minimum, the moving party will have called its adversary and made efforts to engage in a meaningful dialogue, in an attempt to resolve any discovery issues."  On May 20, 2024, I had a telephone call with Mr. Menken.  During the call, we did not discuss the substance of any discovery issues.  Instead,  Mr. Menken notified me that he would be sending me an email with potential discovery issues, which he did later that day.  On May 22, I wrote Mr. Menken a letter in response to that email, stating, among other things, that Mount Sinai maintained its objections to Document Requests Nos. 16, 20, 23, 39, 40, 41, and 42 and explaining the basis for those objections.  In response, Mr. Menken wrote me an email on May 22, stating, "I will likely contact the court concerning the website requests since we are clearly at an impasse."  At no point did Mr. Menken ever contact me to engage in a verbal dialogue regarding these requests.  Instead, Mr. Menken waited over two weeks and then wrote to the Court regarding this discovery dispute.

      In addition, Mr. Menken's June 7, 2024 letter is misleading with regards to the scheduling of Dr. Ash Tewari's ("Dr. Tewari'"), Chairman of the Department of Urology ("Urology"), deposition. During the May 20 call, Mr. Menken and I discussed the scheduling of depositions for June.  After the call, I immediately reached out to the assistant of Dr. Tewari regarding Dr.

The Honorable Jennifer L. Rochon
June 10, 2024
Page 2

_____

Tewari's availability to deposed. I learned that Dr. Tewari was traveling internationally and would return the week of June 10. I notified Mr. Menken that I would provide him with Dr. Tewari's availability for his deposition when I was able to speak with him upon his return, which would not be until the week of June 10. On June 10, I provided Mr. Menken with Dr. Tewari's availability.

Requests Nos. 16, 20, 23, 39, 40, 41, and 42 from Plaintiff's First Set of Document Demands seek all documents showing: (i) the budgetary source for the payment of STAMATS'[1] invoice for work on prostatecancernyc.com (the "Website") from November 2022 to April 1, 2023; (ii) payments made by Mount Sinai to STAMATS; (iii) Urology's marketing budget for 2022 and 2023; (iii) Mount Sinai's Central Marketing Department being financially responsible for hosting or maintaining the Website; (iv) payments by Mount Sinai for the hosting and maintenance of the Website; and (v) payments by Dr. Tewari for the hosting and maintenance of the Website. Plaintiff was employed at Mount Sinai as the Marketing Director for Urology from September 12, 2022 to March 10, 2023. In the Complaint, Plaintiff alleges that: (i) Dr. Tewari asked Plaintiff to work on the Website; (ii) Plaintiff believed the Website (which showed Dr. Tewari's work and achievements as a physician and surgeon) to be a personal website because it did not mention Mount Sinai; (iii) he expressed his concern about using Mount Sinai's funds to work on the Website; and (iv) he was terminated in retaliation for his Complaint, in violation of Section 740 of the New York Labor Law ("Section 740").

The source of the payment for work on the Website, all payments made in connection with the Website, and Urology's marketing budget are not relevant to Plaintiff's claim under Section 740 because they will not show that Plaintiff complained about what he reasonably believed (at the time) to be a violation of a law, rule, or regulation. In fact, as Plaintiff testified at his deposition, the basis for his reasonable belief was the fact that Mount Sinai was not mentioned on the Website.[2] At the time that Plaintiff made his alleged complaint, STAMATS had not been engaged to work on the Website. Therefore, documents regarding the payment of work invoiced by STAMATS after Plaintiff allegedly complained cannot possibly show Plaintiff's reasonable belief that asking him to work on the Website violated a law, rule, or regulation.[3] Plaintiff makes no claim that his reasonable belief was based on a review of documents showing who paid for hosting or maintaining the Website. Accordingly, documents showing who made payments in connection with the Website cannot show that Plaintiff had a reasonable belief that Dr. Tewari's request violated a law, rule, or regulation. Thus, the

_____

[1] STAMATS is an outside vendor that Plaintiff retained to work on the Website.

[2] Relevant excerpts from the rough transcript of Plaintiff's deposition are attached.

[3] In any event, Mount Sinai produced documents showing that Mount Sinai paid for the work on the Website invoiced by STAMATS.

The Honorable Jennifer L. Rochon
June 10, 2024
Page 3
_____

documents sought by Plaintiff's Document Requests Nos. 16, 20, 23, 39, 40, 41, and 42 have nothing to do with Plaintiff's claim under Section 740.

Respectfully submitted,

/s/ Brittany Buccellato

Brittany Buccellato

Attachment

cc:     Bruce Menken, Esq., Counsel for Plaintiff (via ECF)

Plaintiff's motion to compel (ECF No. 26) is denied without prejudice to refiling after a good faith meet and confer session.  No later than **June 14, 2024**, parties shall confer telephonically regarding any issues raised in Plaintiff's letter that remain outstanding. The Clerk of Court is respectfully directed to terminate the motion at ECF No. 26.

Dated: June 10, 2024
       New York, New York

SO ORDERED.

*Jennifer Rochon*
**JENNIFER L. ROCHON**
**United States District Judge**