UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

───────────────────────────────

WILLIAM APPLEGATE,

                Plaintiff,                 No. 23-CV-6981 (JLR)

      -against-

THE MOUNT SINAI HOSPITAL,

                Defendant.

───────────────────────────────

## JOINT PROPOSED JURY INSTRUCTIONS

Bruce E. Menken
Scott Simpson
Raya F. Saksouk
Menken Simpson & Rozger LLP
Attorneys for Plaintiff
225 Broadway, Suite 920
New York, New York 10007
212.509.1616
bmenken@nyemployeelaw.com


Rory J. McEvoy
Brittany A. Buccellato
Colby H. Berman
Akerman LLP
Attorneys for Defendant
1251 Avenue of the Americas
37th Floor
New York, New York 10020
212.880.3800
rory.mcevoy@akerman.com
brittany.buccellato@akerman.com
colby.berman@akerman.com

**Request No. 1**
**(General Introductory Charges)**

**A.    Introductory Remarks**

Members of the jury, you have now heard all of the evidence in the case as well as the final arguments of the parties.  We have reached the point where you are about to undertake your final function as jurors.  You have paid careful attention to the evidence, and I am confident that you will act together with fairness and impartiality to reach a just verdict in the case.

(*Valenzuela v. Mercer St. Hosp. LLC*, 16-V-9680 (S.D.N.Y. Oct. 10, 2018), Jury Instructions 1).

**B.    Role Of The Court**

It has been my duty to preside over the trial and to decide what testimony and evidence was relevant, under the law, for your consideration.  My duty at this point is to instruct you as to the law.  It is your duty to accept these instructions on the law and to apply them to the facts as you determine them.

On these legal matters, you must take the law as I give it to you.  If any attorney has stated a legal principle different from any that I state to you in my instructions, it is my instructions you must follow.  You must not substitute your own notions or opinions of what the law is or ought to be.

You are not to infer from any of my questions or any of my rulings or anything else I have done during this trial that I have any view as to the credibility of the witnesses or how you should decide the case.

(*Valenzuela v. Mercer St. Hosp. LLC,* 16-V-9680 (S.D.N.Y. Oct. 10, 2018), Jury Instructions 2).

**C.    Role Of The Jury**

As members of the jury, you are the sole and exclusive judges of the facts.  You pass upon the evidence.  You determine the credibility of the witnesses.  You resolve such conflicts as there may be in the testimony.  You draw whatever reasonable inferences you decide to draw from the facts as you determined them.  You determine the weight of the evidence.

You have taken the oath as jurors, and it is your sworn duty to determine the facts and to follow the law as I give it to you.

(*Valenzuela v. Mercer St. Hosp. LLC,* 16-V-9680 (S.D.N.Y. Oct. 10, 2018), Jury Instructions 3).

**D.    Conduct Of Counsel**

It is the duty of the attorneys to object when the other side offers testimony or other evidence that the attorney believes it not properly admissible.  Therefore, you should draw no inference from the fact that an attorney objected to any evidence.  Nor should you draw any inference from the fact that I sustained or overruled an objection.

From time to time the lawyers and I had sidebar conferences and other conferences out of your hearing.  These conferences involved procedural and other matters, and none of the events relating to these conferences should enter your deliberations at all.

(*Valenzuela v. Mercer St. Hosp. LLC,* 16-V-9680 (S.D.N.Y. Oct. 10, 2018), Jury Instructions 3).

**E.    Sympathy Or Bias**

The parties in this case are entitled to a trial free from prejudice and bias.  You are to evaluate the evidence calmly and objectively, without prejudice or sympathy.  You are completely fair and impartial.  Your verdict must be based solely on the evidence developed at this trial, or the lack of evidence.

(*Valenzuela v. Mercer St. Hosp. LLC,* 16-V-9680 (S.D.N.Y. Oct. 10, 2018), Jury Instructions 4).

**F.    Parties**

The plaintiff in this case is William Applegate.

The defendant in this case is The Mount Sinai Hospital.

The fact that a hospital is a party to this lawsuit does not entitle it to any greater or lesser consideration by you.  All litigants, whether an individual employee, hospital or company are equal

3

under the law.  ==A company is considered to be a person under the law and like all other persons, it must be dealt with as an equal in a court of justice.  [Defendant proposes this language.  Plaintiff does not agree to it.]== [1]  A company acts through its employees, and in general, a company is responsible under the law for any acts or statements of its employees that are made within the scope of their duties as employees of the company.

(*Valenzuela v. Mercer St. Hosp. LLC*, 16-V-9680 (S.D.N.Y. Oct. 10, 2018), Jury Instructions 4).

## G.    Burden Of Proof

In a civil case such as this, the plaintiff, William Applegate, has the burden of proving his claims by the preponderance of the evidence.  This is also true of all elements of plaintiff's claims unless I give you a different instruction on a particular element.  ==The defendant – The Mount Sinai Hospital – does not have to prove anything. [Defendant proposes this language.  Plaintiff does not agree to it.]==

What does "preponderance of the evidence" mean?  To establish a fact by the preponderance of the evidence means to prove that the fact is more likely true than not.  A preponderance of the evidence means the greater weight of the evidence.  ==The difference in persuasiveness need not be great: it requires only that you find that the scales tip, however slightly, in favor of the party having the burden of proof— that what that party claims is more likely than not is true. [Plaintiff proposes this language. Defendant does not agree to it]==  A preponderance of the evidence refers to the quality and persuasiveness of the evidence, not the number of witnesses or documents.  In determining whether a claim has been proven by a preponderance of the evidence, you may consider the relevant testimony of all witnesses, regardless of who may have called them, and all relevant exhibits received into evidence,

---

[1] Wherever there is language to which the parties could not agree, the language that has not been agreed to is highlighted, with yellow signifying Defendant's proposed language and green signifying Plaintiff's proposed language. The parties have also indicated in brackets following that language which party proposes the highlighted language and which party does not agree to it.

regardless of who may have produced them. Simply because I have permitted certain evidence to be introduced does not mean that I have decided that it is important or significant, that is for you to decide.

If, after consulting all the testimony, you are satisfied that the plaintiff has carried his burden on each essential point as to which he has the burden of proof, then you must find in his favor. If, after such consideration, you find that the credible evidence on a given issue is evenly divided between the parties - - it is equally probable that one side is right as it is that the other side is right - - or that the evidence produced by the plaintiff is outweighed by evidence against his claims, then you must decide that issue against the plaintiff. That is because the party bearing the burden of proof must prove more than a simple equality of the evidence; he must prove such element of the claim by a preponderance of the evidence. On the other hand, the party with this burden of proof need prove no more than a preponderance. So long as you find that the imaginary scales of justice tip however slightly in favor of the plaintiff - - that what he claims is more likely true than not, then the element will have been proven by a preponderance of the evidence.

(Based on *Valenzuela v. Mercer St. Hosp. LLC,* 16-V-9680 (S.D.N.Y. Oct. 10, 2018), Jury Instructions 5–6).

(Jury Instructions at 4, *Duarte v. St. Barnabas Hosp.*, 265 F. Supp. 3d 325 (S.D.N.Y. 2017), ECF No. 139)

## H.    What Is And Is Not Evidence

The evidence in this case is the sworn testimony of the witnesses, including any excerpts of deposition testimony that were read into the record, the exhibits received into evidence, and any stipulations of fact made by the parties.

By contrast, the questions of a lawyer are not evidence. It is the witnesses' answers that are evidence, not the questions.

5

[IF APPLICABLE] From time to time, I asked witnesses questions. You should draw no inference from that. My questions were only intended for clarification or to expedite matters and were not intended to suggest any opinion on my part as to whether any witness was more or less credible than any other witness, or any view as to what your verdict should be.

Testimony that has been stricken or excluded by me is not evidence and may not be considered by you in rendering your verdict.

Arguments by lawyers are not evidence, because the lawyers are not witnesses.  What the lawyers have said to you in their openings and in their summations are designed to help you understand the evidence to reach your verdict.  If, however, your recollection of the facts differs from the lawyers' statements, it is your recollection that controls.

Any statements I may have made during the trial do not constitute evidence. Similarly, any statements or rulings I have made during the trial are not any indication of my views as to what your decision should be. The decision here is for you alone.

To constitute evidence, exhibits must first be received in evidence.  Exhibits marked for identification but not admitted are not evidence, nor are materials brought forth only to refresh a witness's recollection.

It is for you alone to decide the weight, if any, to be given to the testimony you have heard and the exhibits you have seen.

(*Valenzuela v. Mercer St. Hosp. LLC,* 16-V-9680 (S.D.N.Y. Oct. 10, 2018), Jury Instructions 6–7.)

(Jury Instructions at 5, *Duarte v. St. Barnabas Hosp.*, 265 F. Supp. 3d 325 (S.D.N.Y. 2017), ECF No. 139)

## I.    Direct And Circumstantial Evidence

Generally, there are two types of evidence you may consider in reaching your verdict.

One type is direct evidence.  Direct evidence is when a witness testifies about something he or she knows by virtue of his or her own senses, something he or she has seen, felt, touched, or heard. For example, if a witness were to testify that when he or she left home this morning, she observed that it was raining, that would be direct evidence about the weather. Direct evidence may also be in the form of an exhibit. **[Plaintiff proposes this language.  Defendant does not agree to it.]**

Circumstantial evidence is evidence from which you may infer the existence of a certain facts. Let me give you an example to help you understand what is meant by circumstantial evidence.

Assume that when you came into the courthouse this morning the sun was shining and it was a nice day.  Assume further that the courtroom windows were covered and you could not look outside.  As you were sitting here, assume that someone walked in with an umbrella, which is dripping wet.  Then a few minutes later, another person entered with a wet raincoat.  Now, you cannot look outside of the courtroom, and you cannot see whether or not it is raining.  So you have no direct evidence of that fact. But on the combination of facts that I have asked you to assume, it would be reasonable and logical for you to conclude that it had been raining.

That is all there is to circumstantial evidence.  You infer on the basis of reason and experience and common sense from one established fact the existence or non-existence of some other fact.

The matter of drawing inferences from facts in evidence is not a matter of guesswork or speculation. A proper inference is a logical, factual conclusion that you might reasonably draw from other facts that have been proven. It is often the case that material facts—such as what a person was thinking or intending—are not easily proven by direct evidence. Proof of such matters is often established by circumstantial evidence.

Circumstantial evidence is of no less value than direct evidence.  As a general rule, the law makes no distinction between direct evidence and circumstantial evidence.  It simply requires that your verdict must be based on all the evidence presented.

(*Valenzuela v. Mercer St. Hosp. LLC,* 16-V-9680 (S.D.N.Y. Oct. 10, 2018), Jury Instructions 7–8).

(Jury Instructions at 6, Duarte v. St. Barnabas Hosp., 265 F. Supp. 3d 325 (S.D.N.Y. 2017), ECF No. 139)

**J.      Witness Credibility**

You have had the opportunity to observe all of the witnesses. By using your common sense, it is now your job to decide how believable each witness was in his or her testimony. Common sense is your greatest asset as a juror. Ask yourself whether the witness appeared honest, open and candid. Did the witness appear evasive or as though he or she was trying to hide something? How responsive was the witness when questioned by opposing counsel as compared to that witness's responsiveness when questioned by his or her own lawyer? **[Plaintiff proposes this language.  Defendant does not agree to it.]** You are the sole judges of the credibility of each witness and of the importance of his or her testimony.

(*Valenzuela v. Mercer St. Hosp. LLC,* 16-V-9680 (S.D.N.Y. Oct. 10, 2018), Jury Instructions 8).

The weight of the evidence is not necessarily determined by the number of witnesses testifying to the existence or nonexistence of any fact.  You may find the testimony of a small number of witnesses as to any fact more credible than the testimony of a large number of witnesses to the contrary.  The test is not which side brings the greater number of witnesses or takes the most time to present its evidence, but which witnesses and which evidence appeal to your minds as being most accurate and otherwise trustworthy.

 (O'Malley, Grenig & Lee, *Federal Jury Practice & Instructions,* §104:54 (6th ed. 2011).

You should carefully scrutinize all testimony of each witness, the circumstances under which each witness testified, the impression the witness made when testifying, and any other matter in evidence that may help you decide the truth and the importance of each witness's testimony.

In other words, in assessing credibility, you may size up a witness in light of his or her demeanor, the explanations given, and all the other evidence in the case.  Always remember that you

should use your common sense, your good judgments, and your everyday experiences in life to make your credibility determinations.  **[Defendant proposes this language.  Plaintiff does not agree to it.]**

(*Valenzuela v. Mercer St. Hosp. LLC*,  16-V-9680 (S.D.N.Y. Oct. 10, 2018), Jury Instructions 8–9).

In evaluating the testimony of any witness, you may consider, among other things:

- The witness's intelligence;

- The ability and opportunity the witness had to see, hear, or know the things that the witness testified about;

- The witness's memory;

- Any interest, bias, or prejudice the witness may have;

- The manner of the witness while testifying; and

- The reasonableness of the witness's testimony in light of all the evidence in the case, including testimony from other witnesses and the exhibits that have been received in evidence.

**[Plaintiff proposes this language.  Defendant does not agree to it.]**

(Jury Instructions at 7, <u>Duarte v. St. Barnabas Hosp.</u>, 265 F. Supp. 3d 325 (S.D.N.Y. 2017), ECF No. 139)

### K.    Prior Inconsistent Statements

You have heard evidence that, at some earlier time, witnesses have said or done something that counsel argues is inconsistent with their trial testimony.

Evidence of prior allegedly inconsistent statements was introduced to help you decide whether to believe the trial testimony of a witness. If you find that a witness made an earlier statement that conflicts with the witness's trial testimony, you may consider that fact in deciding how much of the witness's trial testimony, if any, to believe.

In making this determination, you may consider whether the witness purposely made a false statement or whether it was an innocent mistake; whether the inconsistency concerns an important fact, or whether it had to do with an insignificant detail; whether the witness had an explanation of the inconsistency, and whether that explanation accords with your common sense.

It is exclusively your decision, based upon all the evidence and your own good judgment, whether the prior statement was inconsistent, and if so how much weight, if any, to give the inconsistent statement in determining whether to believe all, part of, or none of that witness's testimony.

(Jury Instructions at 8, _Duarte v. St. Barnabas Hosp._, 265 F. Supp. 3d 325 (S.D.N.Y. 2017), ECF No. 139)

## L.    Bias Of Witnesses

In deciding whether to believe a witness, you should consider any evidence that the witness is biased in favor of, or against, one side or the other. **[Plaintiff proposes this language.  Defendant does not agree to it]**/In deciding whether to believe a witness, you may take account of the fact that a witness is a party to the lawsuit.  You may also take into consideration any evidence of hostility or affection that the witness may have towards one of the parties.  **[Defendant proposes this language.  Plaintiff does not agree to it].**  Likewise, you should consider evidence of any other interest or motive that the witnesses may have in cooperating with a particular party.  You may also take into account any evidence that a witness or party may benefit in some way from the outcome of the case.

It is your duty to consider whether the witness has permitted any bias or interest to color his or her testimony.  In short, if you find that the witness is biased, you should view his or her testimony with caution, weigh it with care, and subject it to close and searching scrutiny.

Of course, the mere fact that a witness is interested in the outcome of the case does not mean that he or she has not told the truth.  It is for you to decide from your observations and applying your

11

common sense and experience and all the other considerations mentioned whether the possible interest of any witness or of any party has intentionally or otherwise colored or distorted his testimony or her testimony.  You are not required to disbelieve an interested witness.  You may accept as much of his or her testimony as you deem reliable and reject as much as you deem unworthy of acceptance.

(*Valenzuela v. Mercer St. Hosp. LLC*, 16-V-9680 (S.D.N.Y. Oct. 10, 2018), Jury Instructions 9–10).

(Jury Instructions at 8-9, *Duarte v. St. Barnabas Hosp.*, 265 F. Supp. 3d 325 (S.D.N.Y. 2017), ECF No. 139)

## M.    Not All Evidence Is Introduced

The law does not require any party to call as witnesses all persons who may have been present at any time or place involved in the case, or who may appear to have some knowledge of the matters in issue at trial.  Nor does the law require any party to produce as exhibits, all papers and things mentioned in the evidence of the case.  I instruct you that you are not to speculate as why neither side called them as witnesses.

(*Valenzuela v. Mercer St. Hosp. LLC,* 16-V-9680 (S.D.N.Y. Oct. 10, 2018), Jury Instructions 10).

## Request No. 2
### (Substantive Claim)

**A.    Introduction**

In this case, the plaintiff William Applegate brings his claim under the New York Labor Law, which I will call the "Labor Law." As a general matter, an employer is free to fire an at-will employee for any reason not prohibited by the law.

Mr. Applegate brings a claim that Mount Sinai retaliated against him for engaging in activity protected by the law. He claims that the termination of his employment was retaliatory.

The defendant has denied any liability in this case. The plaintiff bears the burden of proving that his termination was retaliatory **[Plaintiff proposes this language. Defendant does not agree to it]** by a preponderance of the evidence/The plaintiff bears the burden of proving each element of each claim **[Defendant proposes this language.  Plaintiff does not agree to it]** by a preponderance of the evidence.  I will now tell you about the claim asserted by plaintiff.

(Based on *Valenzuela v. Mercer St. Hosp. LLC*, 16-V-9680 (S.D.N.Y. Oct. 10, 2018), Jury Instructions 11).

**B.    NYLL Claim Against Mount Sinai – Retaliation**

Plaintiff brought this action to recover damages against defendant Mount Sinai for retaliatory termination. Plaintiff claims his employment was terminated in retaliation for disclosing an activity of his employer that he reasonably believed was in violation of law, rule or regulation.

The New York Labor Law provides that,

An employer shall not take any retaliatory action against an employee … because such employee … discloses, or threatens to disclose to a supervisor … an activity, policy or practice of the employer that the employee reasonably believes is in violation of law, rule or regulation …. **[Plaintiff proposes this language. Defendant does not agree to it]**

In order for Plaintiff to recover under the Labor Law, he must prove by a preponderance of the evidence that he (1) disclosed, or threatened to disclose to a supervisor an activity, policy or practice of Mount Sinai that Plaintiff reasonably believed was in violation of law, rule or regulation, (2) that he suffered an adverse action, (3) and that such adverse action was because he disclosed this activity, policy, or practice.

Under the first element, the plaintiff must prove that:

1. The plaintiff disclosed, or threatened to disclose, to a supervisor an activity of the defendant, which in this case is Dr. Ashutosh Tewari's use of Mount Sinai's employees and funds for the enhancement of a website, prostatecancernyc.com **[Plaintiff proposes this language. Defendant does not agree to it]**; and

2. The plaintiff reasonably believed that such activity violated a law, rule or regulation; and

3. The plaintiff can identify a specific law, rule, or regulation that was allegedly violated. **[Defendant proposes this language. Plaintiff does not agree to it]**

The plaintiff's belief must be both subjectively and objectively reasonable. This means that the plaintiff must have personally believed that the defendant's activity, policy, or practice violated a law, rule, or regulation, and that a reasonable person in the plaintiff's position with the same training and experience would also believe that the activity, policy, or practice violated a law, rule, or regulation.

The Labor Law does not require a plaintiff to identify with particularity a law, rule, or regulation that he reasonably believed his employer had violated. All that the law requires is a reasonable belief on the part of the plaintiff, not an actual violation of law. **[Plaintiff proposes this language. Defendant does not agree to it]** Further, Defendants need not have actually violated the law; plaintiff is only required to have a reasonable belief that his employer violated the law, irrespective of whether any law was, in fact, broken. **[Plaintiff proposes this language. Defendant does not agree to it]** A

14

generalized fear or speculation about potential wrongdoing is not sufficient to constitute protected activity under the law.  **[Defendant proposes this language.  Plaintiff does not agree to it.]**

(Exhibit 1, Judge Rochon's Oral Decision on Summary Judgment Motion, 35:4-25; Pierce v. Better Holdco, Inc., No. 22 CIV. 4748 (AT), 2023 WL 6386920, at *6 (S.D.N.Y. Sept. 29, 2023))

If you find that the plaintiff's complaint was based solely on his personal speculation or **[Defendant proposes this language.  Plaintiff does not agree to it]** disagreement with a decision, rather than a reasonable belief in a violation of law, rule, or regulation, then the plaintiff has not established this element.

Under the second element, the parties agree that a termination is an adverse employment action under the Labor Law.

Regarding the third element, that of a causal connection, that connection may be shown in many ways.  A causal connection is often shown circumstantially, through allegations that the retaliation occurred in close temporal proximity to the employee's complaint.  **[Plaintiff proposes this language. Defendant does not agree to it]**  That is, you may or may not find that there is a sufficient causal connection through timing, for instance, that, the defendant's action followed shortly after one of Plaintiff's supervisors became aware of his complaint about the website. **[Plaintiff proposes this language.  Defendant does not agree to it]**/That is, you may or may not find that there is a sufficient causal connection through timing, that is the Hospital's action followed shortly after Mount Sinai became aware of Plaintiff's protected activity **[Defendant proposes this language. Plaintiff does not agree to it.]**  While temporal proximity of events may be a significant **[Plaintiff proposes this language.  Defendant does not agree to it]** factor for the purposes of establishing causal connection, without more, it is insufficient to satisfy Plaintiff's burden to prove retaliation.  Similarly, you may consider other factors such as whether decision-makers knew about the Plaintiff's complaint **[Plaintiff**

proposes this language.  Defendant does not agree to it.]/protected activity [Defendant proposes this language.  Plaintiff does not agree to it.], and any statements made by Defendant's supervisory employees [Plaintiff proposes this language.  Defendant does not agree to it]/representative [Defendant proposes this language.  Plaintiff does not agree to it] about the Plaintiff or his complaint [Plaintiff proposes this language.  Defendant does not agree to it.]/protected activity [Defendant proposes this language.  Plaintiff does not agree to it].  Under the Labor Law, the plaintiff's protected activity  must be a  motivating factor for the termination.  [Plaintiff proposes this language.  Defendant does not agree to it.]  Under the Labor Law, Plaintiff must prove that his termination was predicated upon his disclosing of such activity, policy, or practice.  [Defendant proposes this language.  Plaintiff does not agree to it.]  It is a defense to Plaintiff's Labor Law claim that the termination was predicated upon grounds other than the plaintiff's complaint [Plaintiff proposes this language.  Defendant does not agree to it.]  / protected activity [Defendant proposes this language.  Plaintiff does not agree to it.].

(*Lee v. Riverbay Corp.*, 751 F. Supp. 3d 259, 275 (S.D.N.Y. 2024); N.Y. Lab. Law 740)

One way that Plaintiff can establish causation is by presenting evidence that Defendant's stated reasons for terminating him are not the true reasons, but instead are a pretext (or excuse) to cover up for unlawful retaliation. If you do not believe one or more of the reasons Defendant offered for firing Plaintiff, then you may, but are not required to, infer that retaliation was a motivating factor in the Defendant's decisio

n. The Plaintiff need not disprove every reason stated by the Defendant in order to prove pretext. Similarly, Plaintiff can, but is not required to, establish pretext in order to win his case.

The Plaintiff may show that the Defendant's stated reasons for its decision are pretextual (not the true reason) in any of several ways. Some examples are:

- Evidence that any one the of the Defendant's stated reasons for the decisions are weak, false, contradictory, or implausible; or
- Evidence that the Defendant acted contrary to a written or unwritten company policy or an established company practice when terminating Plaintiff; or
- Evidence that the Defendant did not uniformly enforce its own rules; or
- Evidence that the Defendant otherwise exhibited procedural irregularities in dealing with Plaintiff; or
- The criteria used to evaluate the employee were entirely subjective.

Remember these are only a few examples, and not an exhaustive list.

**[Plaintiff proposes this language.  Defendant does not agree to it]**

(Faculty of Federal Advocates, Model Employment Law Jury Instructions (Sep. 2013); *Henry v. Wyeth Pharms., Inc.*, 616 F.3d 134 (2d Cir. 2010); *Dougherty v. Mem'l Sloan-Kettering Cancer Ctr.*, No. 00 CIV.4083 JGK, 2002 WL 1610916, at *7 (S.D.N.Y. July 22, 2002); *Callahan v. HSBC Sec. (USA) Inc.*, 723 F. Supp. 3d 315, 326 (S.D.N.Y. 2024); *Reeves v. Sanderson Plumbing*, 530 U.S. 133, 149 (2000))

If you find that Plaintiff has proven each of these three elements, your verdict should be for the plaintiff.  If, on the other hand, Plaintiff has failed to prove any one of these elements, then your verdict should be for the defendant.

Section 740 provides a defense when "the retaliatory action was predicated upon grounds other than the employee's exercise of any rights protected by this section." If you find that Plaintiff's complaint was not a motivating factor for the termination of his employment, then your verdict should be for the defendant. If you find that Plaintiff's complaint was a motivating factor for his termination, then your verdict should be for the Plaintiff.  **[Plaintiff proposes this language.  Defendant does not agree to it]** If you find that the termination of Plaintiff's employment was predicated on anything other than his disclosing of an activity, policy, or practice that he reasonably believed to be violated, for

example, if it was based on insufficient or poor performance, then your verdict should be for the Hospital. **[Defendant proposes this language. Plaintiff does not agree to it]**

(Based on *Casmento, Jr. v. Volmar Construction, Inc. et al* Jury Instruction 8, *Valenzuela v. Mercer St. Hosp. LLC,* 16-V-9680 (S.D.N.Y. Oct. 10, 2018), Jury Instructions 20-21).

(N.Y. Lab. Law § 740(2)(a); *Lee v. Riverbay Corp.*, 751 F. Supp. 3d 259, 275 (S.D.N.Y. 2024)

### 1.    Defense: Predicated Upon Grounds Other Than Exercise of Protected Rights

#### i.    Defendants' Business Judgment

In considering whether Plaintiff met his burden of establishing that retaliation played a role in taking any of the adverse employment actions with respect to Plaintiff's employment, you should keep in mind that Defendant was entitled to make any policy or business judgments it chose – however wise or however misguided it may appear to you. When deciding whether Plaintiff has met his burden of proving retaliation, you are not to decide whether you, if you had been the employer, would have made the same decisions regarding the Plaintiff under the same circumstances. The Labor Law that prohibits retaliation in employment does not take away an employer's right to take action against its employees. The law prohibiting retaliation is not a shield against harsh treatment in the workplace. Nor does this law require the employer to have good cause for its decisions. An employer may take actions against an employee for a good reason, a bad reason, a reason based on erroneous facts, or for no reason at all as long as its decision is not based on a retaliatory reason – that is, as long as it is not because the employee disclosed to a supervisor or to a public body an activity, policy or practice of the defendant that he reasonably believed violated an identifiable law, rule or regulation. Even if the employer's judgment or course of actions seems poor or erroneous to outsiders, the proper question in this case is simply whether the given reasons for the employer's decision were a pretext for retaliation against Plaintiff.

18

You are not here to judge whether Defendant's decisions were right or wrong from a business standpoint or to second-guess the wisdom of their decisions. You are not even to question Defendant's business judgment in its decisions regarding Plaintiff unless you are persuaded, by a preponderance of the credible evidence, that retaliation was the real reason behind their decisions. Defendant may make a bad decision, or a decision that makes no sense to you, as long as the decision was not made in retaliation for Plaintiff disclosing to a supervisor or public body an activity, policy or practice of the Defendant that he reasonably believed violated an identifiable law, rule or regulation.

You must keep this instruction in mind for each and every adverse employment action Plaintiff alleges to have been retaliation based on his complaints of an activity, policy or practice that he reasonably believed was a violation of an identified law, rule, or regulation. For each such action, Plaintiff must prove by a preponderance of the credible evidence that it was motivated by retaliation.

**[Defendant proposes this language. Plaintiff does not agree to it.]**

(O'Malley, Grenig & Lee, *Federal Jury Practice & Instructions,* §172:64 (6th ed. 2011); *St. Mary's Honor Ctr. v. Hicks,* 509 U.S. 502 (1993); *Weinstock v. Columbia Univ.* 224 F.3d 33 (2d Cir. 2000); *Fontecchio v. ABC Corp.,* No. 12 Civ. 6998, 2015 WL 327838 (S.D.N.Y. Jan. 23, 2015); *Hayes v. Cablevision Sys. N.Y.C. Corp.,* No. 07 Civ. 2438, 2012 WL 1106850 (E.D.N.Y. Mar. 31, 2012); *Williams v. N.Y.C. Dep't of Sanitation,* No. 00 Civ. 7371, 2001 WL 1154627 (S.D.N.Y. Sept. 28, 2001)).

### ii.   Non-Retaliatory Reason

The defendant has argued that it terminated the plaintiff's employment for legitimate, non-retaliatory reasons—specifically, poor performance during the plaintiff's probationary period—and not because of any protected activity under the Labor Law.

If you find that the defendant has presented evidence of a legitimate, non-retaliatory reason for the plaintiff's termination, then the plaintiff must prove that this stated reason was not the true reason for the termination, but was instead a pretext or excuse for retaliation based on the plaintiff's protected activity.

If you find that the plaintiff was terminated for legitimate, non-retaliatory reasons unrelated to any protected activity, then you must find for the defendant.

**[Defendant proposes this language.  Plaintiff does not agree to it.]**

(*Timberlake v. New York Presbyterian Hosp.*, No 05-cv-56167, 2009 WL 3122580 (S.D.N.Y. Sept. 29, 2009); *Luiso v. Northern Westchester Hosp. Center*, 65 A.D.3d 1296, 1298, 886 N.Y.S.2d 216 (2d Dep't 2009); *Thompson v. Jamaica Hosp. Med. Ctr.*, No. 13 CIV. 1896, 2016 WL 4556905 (S.D.N.Y. Aug. 30, 2016))

## Request No. 3
### (Damages)

**A.    Introduction**

If you return a verdict in Mr. Applegate's favor, then you will go on to determine the damages to which he is entitled. The mere fact that I am instructing you on damages does not mean that I have an opinion on whether the defendant should be held liable in this case. It is your responsibility to decide whether there is liability, and I am instructing you on damages only so that you will have guidance in the event that you decide that Mr. Applegate has proven his claim.

You should not infer that Plaintiff is entitled to recover damages merely because I am instructing you on the issue of damages.  I am giving these instructions only in the event they become necessary.

If, and only if, you find that Plaintiff has proven by a preponderance of the evidence that Defendant is liable on Plaintiff's claim, based on the law as I have just explained it to you, then you must determine the amount of damages, if any, to which Plaintiff is entitled.  This amount must be a sum of money that you believe will fairly and justly compensate Plaintiff for any injury you believe he actually sustained as a direct cause of unlawful conduct on the part of Defendant.

Your damage determination must not be based on speculation or sympathy.  It must be based on evidence of pain, suffering, or a loss presented at trial, and only on that evidence.

I cannot give you a yardstick by which to measure the dollar value of Plaintiff's damages.  You heard Plaintiff's testimony.  If you award compensatory damages, you will have to determine based on your common sense and experience that amount of money that will fairly and reasonably make Plaintiff whole or compensate him.

In determining the amount of any damages that you decide to award, you should be guided by dispassionate common sense.  You must use sound discretion in fixing an award, drawing reasonable inferences from the facts in evidence.

(*Valenzuela v. Mercer St. Hosp. LLC,* 16-V-9680 (S.D.N.Y. Oct. 10, 2018), Jury Instructions 24–25).

(Jury Instructions at 13-14, <u>*Duarte v. St. Barnabas Hosp.*, 265 F. Supp. 3d 325 (S.D.N.Y. 2017)</u>, ECF No. 139)

## B.     Actual Damages (Back Pay/Front Pay/Lost Benefits)

Actual damages in the form of back pay and lost benefits are available under the Labor Law. Actual damages seek to make a party whole, that is, to compensate the plaintiff for the financial loss that he has suffered as a result of Defendant's retaliatory actions.  Actual damages are not limited merely to expenses that the plaintiff has had to pay.  Instead, actual damages should fairly and justly compensate the plaintiff for any financial loss he has suffered as a result of any retaliatory action by his employer.  If you find that Plaintiff has established Defendant's liability on his claim, then you must award him the amount of money in back pay, front pay **[Plaintiff proposes this language.  Defendant does not agree to it]** and lost benefits that you believe will fairly and justly compensate him for any financial loss sustained as a direct consequence of Defendant's discriminatory conduct.

The amount of back wages and benefits is determined by calculating the amount that Plaintiff proves that he would have earned from the date Defendant terminated him (March 10, 2023) to the date you, the jury, return the verdict.  You must subtract from this amount any earnings and benefits that Plaintiff received from other employment during that time.

If you determine that damages are due for lost wages and benefits, Mr. Applegate is entitled to lost wages and employee benefits even if they are difficult to calculate.

(Jury Instructions at 52, <u>*Chisholm v. Mem'l Sloan-Kettering Cancer Ctr.*</u>, 824 F. Supp. 2d 573 (S.D.N.Y. 2011); *Albemarle Paper Co. v. Moody*, 422 U.S. 405 (1975); *Cruz v. Local Union No. 3*, 34 F.3d 1148 (2d Cir. 1994); *Koven v. Consolidated Edison Co.*, 560 F. Supp. 1161, 1169 (S.D.N.Y. 1983); Sand ¶ 88.03, Instr. 88-70.)

If you find for Mr. Applegate, you should consider his damages for the losses, including wage and benefit losses, he will incur in the future in order to make him whole, also known as "front pay."

Front pay serves a necessary role where you the factfinder can reasonably predict that the plaintiff has little reasonable prospect of obtaining comparable alternative employment or being reinstated by Mount Sinai. Front pay includes lost compensation for this period. Front pay damages represent a plaintiff's lost salary and benefits, caused by an unlawful discharge or other adverse action, accruing from the time of trial through some point in the future. Factors to be considered in determining front pay include the age of the plaintiff and his reasonable prospects of obtaining comparable employment.

**[Plaintiff proposes this language.  Defendant does not agree to it]**(Jury Instructions at 53, *Chisholm v. Mem'l Sloan-Kettering Cancer Ctr.*, 824 F. Supp. 2d 573 (S.D.N.Y. 2011))

Despite the inclusion of this Proposed Instruction, Defendant requests that the Court determine the availability and amount of the front pay award, if any, requested by Plaintiff. *Reed v. A.W. Lawrence & Co., Inc.,* 95 F.3d 1170 (2d Cir. 1996); *Saulpaugh v. Monroe  Community Hosp*., 4 F.3d 134 (2d Cir. 1993); *Dominic v. Consol. Edison Co. of New York,  Inc.*, 822 F.2d 1249, 1257 (2d Cir. 1987); *Press v. Concord Mortgage Corp.,* No. 08 Civ. 09497 (KTD), 2010 WL 3199684, at *2 (S.D.N.Y. Aug. 5, 2010). Plaintiff opposes this request. *See Chisholm v. Mem'l Sloan-Kettering Cancer Ctr.*, 824 F. Supp. 2d 573 (S.D.N.Y. 2011) (concluding that front pay under state law (NYSHRL) is a legal remedy for the jury to decide, not an equitable remedy for the court to decide).

If the Court chooses to instruct the jury on front pay, a decision to which Defendant objects, Defendants proposes the following instruction:

If you determine that Defendant is liable for retaliatory discharge in violation of the New York Labor Law, you may, but are not required to, award Plaintiff such sum as you find by the preponderance of the evidence will fairly and justly compensate Plaintiff for any future economic damages Plaintiff proved he will sustain as a result of Defendant's decision to terminate him.

You may award front pay damages if you find that future pecuniary losses will result from Defendant's retaliatory conduct. In order to award front pay, you must first find that an award of back pay is insufficient to make Plaintiff whole because Plaintiff has been, and will be, unable to advance because of Defendant's actions.

An award of damages for front pay necessarily requires that monetary payment be made now for a loss that Plaintiff will not actually sustain until some future date. If Plaintiff cannot prove that he will be unable to obtain comparable advancement in the future, you should not award front pay. If, however, you determine that Plaintiff will be unable to obtain comparable advancement in the future and, therefore, decide, in your discretion, to award front pay, such award may not be based solely on speculation as to Plaintiff's future earnings. A front pay award may not involve undue speculation and, therefore, it may not be appropriate to award front pay.

If you find that Plaintiff is entitled to damages for loss of future earnings, then you must determine the present value or worth in dollars of such damages. If you award damages for the loss of future earnings that Plaintiff proves he will sustain, you must consider three factors:

One: You should reduce any award by the amount of the expenses that Plaintiff would have incurred in making those earnings.

Two: If Defendant proves that Plaintiff unjustifiably failed or fails to take a new job. which is available to him or he fails to make reasonable efforts to find a new job, you must also subtract any amount he would have earned in that new job after today.

Three: You must reduce any award to its present value by considering the interest that Plaintiff could earn on the amount of the award if he made a relatively risk-free investment. The reason you must make this reduction is because an award of an amount representing future loss of earnings is more valuable to Plaintiff if he receives it today than if he received it in the future, when

he otherwise would have earned it. It is more valuable because Plaintiff can earn interest on it for the period of time between the date of the award for loss of future earnings and the date Plaintiff would have earned the amount in the future.

**[Defendant proposes this language. Plaintiff does not agree to it]**

(*Reed v. A.W. Lawrence & Co., Inc.,* 95 F.3d 1170 (2d Cir. 1996); *Saulpaugh v. Monroe Community Hosp.*, 4 F.3d 134 (2d Cir. 1993); *Press v. Concord Mortgage Corp.*, No. 08 Civ. 09497 (KTD), 2010 WL 3199684, at *2 (S.D.N.Y. Aug. 5, 2010); *Rivera v. Baccarat, Inc.*, 34 F. Supp. 2d 870 (S.D.N.Y. 1999); *Buckley v. Reynolds Metals Co.*, 690 F. Supp. 211 (S.D.N.Y. 1988))

Lost benefits include compensation for lost healthcare coverage, lost retirement benefits and other employment benefits. Actual damages are not allowed as punishment. [Defendant proposes this language.  Plaintiff does not agree to it.]  Actual damages may not be awarded for damages that are speculative.

(Based on *Valenzuela v. Mercer St. Hosp. LLC* Jury Instructions 25–26).

To determine Plaintiff's actual damages, you must calculate the measure of compensation and benefits that he lost as a result of his termination from Mount Sinai.  Based on Plaintiff's annual salary of $175,000, you must determine what his actual back pay and front pay [Plaintiff proposes this language.  Defendant does not agree to it] damages are following the termination of his employment.

(Based on O'Malley, Grenig & Lee, *Federal Jury Practice & Instructions,* §172:71 (6th ed. 2011)).

Before you make this calculation, however, Plaintiff must make every reasonable effort to minimize or reduce plaintiff's damages for loss of compensation by seeking employment.  This is referred to as "mitigation of damages."  Plaintiff must only [Plaintiff proposes this language.  Defendant does not agree to it.] show that he made reasonably diligent efforts to find comparable employment. The burden of showing that a plaintiff failed to reasonably mitigate his damages falls on the Defendant, not Plaintiff. In order to meet this burden, Defendant must show that Plaintiff failed to make reasonably diligent efforts to find comparable employment, as well as establish the extent such efforts would have diminished Plaintiff's damages. [Plaintiff proposes this language.   Defendant does not agree to it.]

(*Eskenazi v. Mackoul*, 72 A.D.3d 1012, 905 N.Y.S.2d 169, 171 (2010); *Palmblad v. Gibson*, 63 A.D.3d 844, 881 N.Y.S.2d 139 (2009)

If you determine that Plaintiff is entitled to damages, you must reduce these damages by: (1) what Plaintiff earned while subsequently employed by Montefiore Medical Center and (2) if you find

that Plaintiff did not make a reasonable effort to find comparable employment, what Plaintiff could have earned by reasonable effort during the period from his discharge until the date of trial.

(O'Malley, Grenig & Lee, *Federal Jury Practice & Instructions,* §172:75 (6th ed. 2011)).

(Jury Instructions at 12-14, <u>Duarte v. St. Barnabas Hosp.</u>, 265 F. Supp. 3d 325 (S.D.N.Y. 2017), ECF No. 139)

## C.    Punitive Damages

You may also award Plaintiff punitive damages.  The fact that I am giving you instructions on punitive damages, however, should not be considered an indication of any view of mine on what your verdict should be.  Rather, instructions on punitive damages are given only so you will have them in the event you should find in favor of the plaintiff on the question of liability.

Punitive damages are awarded to punish a defendant for certain types of wrongful conduct, and to deter others from engaging in such conduct. Punitive damages are intended to protect the community, and to be an expression of the jury's indignation at a defendant's misconduct. **[Plaintiff proposes this language.  Defendant does not agree to it.]**

Punitive damages are available to Plaintiff on his Labor Law claim only if you find by a preponderance of the evidence that the Defendant retaliated against the plaintiff and did so willfully, with malice or with reckless **[Plaintiff proposes this language.  Defendant does not agree to it]**/wanton **[Defendant proposes this language.  Plaintiff does not agree to it]** indifference to Plaintiff's protected rights.

To award punitive damages against a defendant, you must find that the defendant acted against the plaintiff in the face of perceiving a risk that its acts violated the law.  You may not award punitive damages if you conclude the defendant was unaware that the actions of the defendant were against the

law or that Defendant believed that the actions were lawful.  **[Defendant proposes this language. Plaintiff does not agree to it].**

An act is maliciously done if it is prompted by ill will or spite towards the injured person.  You may not award punitive damages if an action was merely unreasonable.  **[Defendant proposes this language.  Plaintiff does not agree to it.]**  An act or failure to act is wanton if done in reckless or callous disregard or indifference to the rights of the injured person. An act may be done with reckless disregard even if the defendant did not know that it was violating a law, rule or regulation, and the Plaintiff is not required to prove intentional or malicious conduct. **[Plaintiff proposes this language. Defendant does not agree to it]**  Plaintiff has the burden of proving by a preponderance of the evidence that the defendant acted willfully, maliciously or with reckless disregard for Plaintiff's rights **[Plaintiff proposes this language.  Defendant does not agree to it]**/wantonly with regard to his rights. **[Defendant proposes language.  Plaintiff does not agree to it.]** An act is wantonly and **[Defendant proposes this language.  Plaintiff does not agree to it.]** recklessly done if done in such a manner, and under such circumstances, as to reflect utter disregard for the potential consequences of the act on the safety and **[Defendant proposes this language.  Plaintiff does not agree to it]** rights of others.  An intent to injure exists when a defendant has a conscious desire to violate rights of which he is aware or when a defendant has a conscious desire to injure plaintiff in a manner he knows to be unlawful.  A conscious desire to perform the physical acts that caused the plaintiff's injury, or to fail to undertake certain acts does not by itself establish that the defendant had a conscious desire to violate rights or to injure the plaintiff unlawfully. **[Defendant proposes this language.  Plaintiff does not agree to it]**

Plaintiff has the burden of proving by a preponderance of the evidence that Defendant acted willfully, wantonly or recklessly with regard to Plaintiff's rights.  An award of punitive damages,

however, is discretionary; that is, if you find that the legal requirements of the punitive damages are satisfied, then you may decide to award punitive damages or you may decide not to award them.

In making this decision, you should consider the underlying purpose of punitive damages. Punitive damages are awarded in the jury's discretion to punish a defendant for outrageous **[Defendant proposes this language. Plaintiff does not agree to it]**/its **[Plaintiff proposes this language. Defendant does not agree to it.]** conduct, and deter the defendant and others from engaging in similar conduct in the future. Thus, in deciding whether to award punitive damages, you should consider whether the defendant may be adequately punished by an award of compensatory damages only, or whether the conduct is so extreme and outrageous that compensatory damages are inadequate to punish the wrongful conduct. You should consider whether compensatory damages, standing alone, are likely to deter or prevent the defendants, and others, from engaging in the wrongful conduct that may have been performed, or whether punitive damages are necessary to provide deterrence (that is, whether punitive damages are likely to deter the defendant or others from engaging in similar conduct in the future). The amount of punitive damages assessed may take account of the personal wealth or lack of wealth of the defendant and ought not be so high as to result in financial ruin to the defendant so assessed.

(*Casmento, Jr. v. Volmar Construction, Inc. et al* Jury Instruction 11, *Valenzuela v. Mercer St. Hosp. LLC* =, 16-V-9680 (S.D.N.Y. Oct. 10, 2018), Jury Instructions 28–31).

(Jury Instructions at 15-18, <u>*Duarte v. St. Barnabas Hosp.*, 265 F. Supp. 3d 325 (S.D.N.Y. 2017)</u>, ECF No. 139)

**Request No. 24**
**(Jury Deliberations)**

**A.    Verdict Form**

I have prepared a verdict form for you to use in recording your decisions.  Remember, each verdict must reflect the conscientious judgment of each juror.  You should answer every question except where the verdict form indicates otherwise.  You should also proceed through the questions in the order in which they are listed.

I will now ask the Clerk to hand out the verdict form in this case and I will read it through with you.  Each and every question on the verdict form should be considered while keeping in mind the instructions on the law that I have given you.  In other words, these questions are not asked in isolation but you should consider all of my instructions in answering the questions.

(*Valenzuela v. Mercer St. Hosp. LLC,* 16-V-9680 (S.D.N.Y. Oct. 10, 2018), Jury Instructions 31).

**B.    Right To See Exhibits And Hear Testimony; Communications With The Court**

Ladies and gentlemen of the jury, that about concludes my instructions to you.  You are about to go into the jury room to begin your deliberations.  If during those deliberations you want to see any of the exhibits, you may request that they be brought into the jury room.  If you want any of the testimony read, please send out a note specifying what you want to hear and we will bring you back to the Courtroom to read it back for you.  Please be as specific as you possibly can in requesting exhibits or portions of the testimony.  If you want any further explanation of the law as I have explained it to you, you may also request that.

Your requests for exhibits or testimony – in fact any communications with the Court – should be made to me in writing, signed by your foreperson, and given to the Courtroom Deputy.  In any event, do not tell me or anyone else how the jury stands on any issue until after a unanimous verdict is reached.

(*Valenzuela v. Mercer St. Hosp. LLC,* 16-V-9680 (S.D.N.Y. Oct. 10, 2018), Jury Instructions 32).

## C.      Duty To Deliberate/Unanimous Verdict

You will now retire to decide the case.  For the plaintiff to prevail on his claim, he must sustain his burden of proof as I have explained it to you with respect to each element of his claim.  If you find that Plaintiff has succeeded with respect to his claim, you must return a verdict in his favor.  If you find that he has not, then your verdict must be for the defendant.

It is your duty as jurors to consult with one another and to deliberate with the view to reaching an agreement.  Each of you must decide the case for himself or herself, but you should do so only after consideration of the case with your fellow jurors, and you should not hesitate to change an opinion when convinced it is erroneous.  Your verdict must be unanimous, but you are not bound to surrender your honest convictions concerning the effect or weight of the evidence for the mere purpose of returning a verdict solely because of the opinion of other jurors.  Discuss and weigh your respective opinions dispassionately, without regard to sympathy, without regard to prejudice or favor free of the party and adopt that conclusion which in good conscience appears to be in accordance with the evidence and the instructions on the law.

Again, each of you must make your own decision about the proper outcome in the case based on your consideration of the evidence and your discussion with fellow jurors.

(*Valenzuela v. Mercer St. Hosp. LLC,* 16-V-9680 (S.D.N.Y. Oct. 10, 2018), Jury Instructions 32–33).

## D.      Duties Of Foreperson

Finally, you should by your own vote select one of you to sit as your foreperson.  The foreperson will send out any notes, and when the jury has reached a verdict, he or she will notify the Courtroom Deputy that the jury has reached a verdict, and you will come into open court and give the verdict.

(*Valenzuela v. Mercer St. Hosp. LLC*, 16-V-9680 (S.D.N.Y. Oct. 10, 2018), Jury Instructions 33).

E.    **Return Of Verdict**

After you have reached a verdict, your foreperson will fill in one original of the verdict form, sign and date it and advise the Courtroom Deputy outside your door that you are ready to return to the courtroom.

I will stress that each of you must be in agreement with the verdict that is announced in court. Once your verdict is announced by your foreperson in open court and officially recorded, it cannot ordinarily be revoked.

Members of the jury that concludes my instructions to you. I will ask you to remain seated while I confer with the attorneys to see if there are any additional instructions that they would like to have me give or anything I may not have covered in my previous statement.

In this regard, I ask you not to discuss the case while seated in the box because the case has not yet been formally submitted to you.

(*Valenzuela v. Mercer St. Hosp. LLC,* 16-V-9680 (S.D.N.Y. Oct. 10, 2018), Jury Instructions 34).

Date:  New York, New York
        September 26, 2025

MENKEN SIMPSON & ROZGER LLP                    AKERMAN LLP


By: /s/ Bruce E. Menken                        By: /s/ Brittany A. Buccellato
    Bruce Menken                                   Rory J. McEvoy
    Raya Saksouk                                   Brittany A. Buccellato
    Samuel Salinger                                Colby H. Berman
    *Attorneys for Plaintiff*                      *Attorneys for Defendant*
    225 Broadway, Suite 920                        1251 Avenue of the Americas, 37th Floor
    New York, New York 10007                       New York, New York 10020
    212.509.1616                                   212.880.3800