UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

WILLIAM APPLEGATE,

        Plaintiff,                  No. 23-CV-6981 (JLR)

    -against-

THE MOUNT SINAI HOSPITAL,

        Defendant.

## JOINT PROPOSED JURY VERDICT FORM

Bruce E. Menken
Scott Simpson
Raya F. Saksouk
Menken Simpson & Rozger LLP
Attorneys for Plaintiff
80 Pine Street
33rd Floor
New York, New York 10005
212.509.1616
bmenken@nyemployeelaw.com

Rory J. McEvoy
Brittany A. Buccellato
Colby H. Berman
Akerman LLP
Attorneys for Defendant
1251 Avenue of the Americas
37th Floor
New York, New York 10020
212.880.3800
rory.mcevoy@akerman.com
brittany.buccellato@akerman.com
colby.berman@akerman.com

### Retaliation

1. Has Plaintiff proven by a preponderance of the evidence that he disclosed, or threatened to disclose, an activity, policy, or practice of The Mount Sinai Hospital, to either a supervisor or to a public body, that Plaintiff reasonably believed was in violation of any law, rule, or regulation **[Plaintiff proposes this language. Defendant does not agree to it.]**/ Plaintiff believed was in violation of an identifiable law, rule, or regulation, and that his belief was reasonable **[Defendant proposes this language. Plaintiff does not agree to it]**?

   *(If your answer to "1" above is "No," your deliberations are complete. If your answer to the above is "Yes," please proceed to Question 2 below.)*

2. Has Plaintiff proven by a preponderance of the evidence that his disclosure, or threat to disclose, an activity, policy or practice of Mount Sinai Hospital was a motivating factor in Mount Sinai Hospital's decision to terminate his employment? **[Plaintiff proposes this language. Defendant does not agree to it]**/ Has Plaintiff proven by a preponderance of the evidence that The Mount Sinai Hospital terminated his employment because he disclosed, or threatened to disclose, to either a supervisor or to a public body, his belief that an activity, policy, or practice of the Hospital was in violation of an identifiable law, rule, or regulation, and that this belief was reasonable **[Defendant proposes this language. Plaintiff does not agree to it]**?

3. 
   *(If your answer to "2" above is "No," your deliberations are complete. If your answer to the above is "Yes," please proceed to the questions below.)*

4. Has The Mount Sinai Hospital proven by a preponderance of the evidence that it terminated Plaintiff's employment for a reason unrelated to his disclosure or threatened disclosure, to either a supervisor or to a public body, of a Hospital activity, policy, or practice that he reasonably believed was in violation of an identifiable law, rule or regulation?

   *(If your answer to "3" above is "Yes," your deliberations are complete. If your answer to the above is "No," please proceed to the questions below.)*

   **[Defendant proposes this question. Plaintiff does not agree to it]**

### Damages

5. Has Plaintiff proven by a preponderance of the evidence that Plaintiff is entitled to back pay and lost benefits?

   If your answer to the above is "Yes," what is the total amount to which Plaintiff is entitled?

   **Plaintiff's Proposal:**
   $_____

**Defendant's Proposal:**
$_____ in back pay
$_____ in lost benefits

(*If your answer to "_" above is "No," your deliberations are complete.
If your answer to the above is "Yes," please proceed to Question _ below.*)

6.      Has Plaintiff proven by a preponderance of the evidence that Plaintiff is entitled to front pay and future benefits?

    If your answer to the above is "Yes," what is the total amount of future damages to which Plaintiff is entitled?
$_____

(*Please proceed to Question _ below.*)

**[Plaintiff proposes this question.   Defendant does not agree to it]**

7.      Has Plaintiff proven by a preponderance of the evidence that Defendant's conduct was willful, wanton or malicious such that he is entitled to punitive damages?

    If your answer to the above is "Yes," what is the total amount of punitive damages to which Plaintiff is entitled?

$_____