UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

WILLIAM APPLEGATE,

                        Plaintiff,

       -against-

THE MOUNT SINAI HOSPITAL,

                        Defendant.

Case No. 1:23-cv-6981 (JLR)

**MEMORANDUM OPINION AND ORDER**

JENNIFER L. ROCHON, United States District Judge:

       This case arises from the decision of The Mount Sinai Hospital ("Mount Sinai" or "Defendant") to terminate their employee William Applegate ("Applegate" or "Plaintiff") on March 10, 2022. Dkt. 1 ("Compl.") ¶ 1. On August 8, 2023, Plaintiff brought a claim against Defendant alleging retaliatory termination in violation of New York Labor Law ("NYLL") § 740. Compl. ¶¶ 60-64. A jury trial commenced on October 20, 2025. Plaintiff is seeking various remedies, including back pay, front pay, lost retirement benefits, lost health benefits, lost life insurance benefits, punitive damages, and attorneys' fees. Dkt. 78 at 16.

       In their proposed jury charges, the parties dispute whether Plaintiff is entitled to a jury trial on his request for future lost wages, or whether, as Defendant argues, front pay is an equitable remedy that should be decided by the Court. *See* Dkt. 79 ("Jury Charges") at 22-23. While not styled as a motion *in limine*, the Court will treat it as such. The parties were afforded an opportunity to provide any further argument or authority in support of their respective positions at the final pretrial conference on October 14, 2025. For the following reasons, the Court finds that Plaintiff is entitled to a jury trial on his request for front pay for a violation of NYLL § 740 because it is a legal remedy under state law.

## DISCUSSION

The parties agree to a jury determination on all aspects of the Plaintiff's NYLL § 740 claim and request for damages, except for his demand for future lost wages, or front pay. Defendant argues that front pay is an equitable remedy that the Court should decide, citing to cases examining federal statutes such as Title VII. *See* Jury Charges at 23. Plaintiff, in turn, relies on *Chisholm v. Mem'l Sloan-Kettering Cancer Ctr.*, 824 F. Supp. 2d 573 (S.D.N.Y. 2011), a case brought under the New York State Human Rights Law ("NYSHRL"), to argue that front pay is a legal remedy to be decided by the jury. *See* Jury Charges at 23. Neither Plaintiff nor Defendant cites to any cases evaluating front pay under NYLL § 740. Indeed, the Court has been unable to locate any case that squarely addresses whether front pay under NYLL § 740 is a legal or equitable remedy, likely because front pay and a jury trial were not available until the statute was amended in 2021.

After examination of the statute, the legislative history of its amendment, and other relevant authority, the Court concludes that front pay under NYLL § 740 is a legal remedy, and Plaintiff is entitled to a jury determination on that aspect of damages sought.

### I.   Legal Relief and the Right to a Jury Trial

A civil litigant has a "right to a jury trial only for matters at law, 'in contradistinction' to those in equity." *Clark v. Hanley*, 89 F.4th 78, 100 (2d Cir. 2023) (quoting *In re CBI Holding Co., Inc.*, 529 F.3d 432, 465 (2d Cir. 2008)). To determine whether a claim seeks equitable or legal relief, the court must "look beyond" Plaintiff's "characterization[] to what the claim for relief actually [is seeking]." *Pereira v. Farace*, 413 F.3d 330, 339 (2d Cir. 2005) (first alteration in original) (citation omitted); *see also id.* ("[T]he constitutional right to trial by jury cannot be made to depend upon the choice of words used in the pleadings."). Generally, a legal remedy is a remedy for money damages. *See Dairy Queen, Inc. v. Wood*, 369 U.S. 469, 476 (agreeing that

"insofar as the complaint requests a money judgment it presents a claim which is unquestionably legal"). Equitable remedies are typically remedies that require the defendant to take an action or refrain from acting, "such as injunction, mandamus, and restitution." *Laurent v. PricewaterhouseCoopers LLP*, 945 F.3d 739, 748 (2d Cir. 2019) (quoting *Mertens v. Hewitt Assocs.*, 508 U.S. 248, 256 (1993); *Pereira*, 413 F.3d at 340 ("[F]or restitution to lie in equity, the action generally must seek not to impose personal liability on the defendant, but to restore to the plaintiff particular funds or property *in the defendant's possession*." (citation omitted)). Therefore, Plaintiff's right to a jury determination on front pay depends on whether the remedy operates as a legal or equitable remedy.

## II.     Front Pay Under NYLL § 740 is a Legal Remedy

As Defendant points out, courts have held that front pay is an equitable remedy under Title VII, the American with Disabilities Act ("ADA"), and the Age Discrimination in Employment Act ("ADEA"). *See, e.g.*, *Whittlesey v. Union Carbide Corp.*, 742 F.2d 724, 727–28 (2d Cir. 1984) (determining that the ADEA authorized front pay as a subset of "equitable relief as may be appropriate to effect the purposes of the act . . . ." (insertion adopted) (citation omitted)); *Dominic v. Consol. Edison Co. of New York, Inc.*, 822 F.2d 1249, 1257 (2d Cir. 1987) ("[A] monetary award of front pay is sometimes necessary as 'equitable relief . . . appropriate to effectuate the purposes of [the ADEA].'" (second alteration in original) (internal quotations omitted) (citation omitted)); *Reed v. A.W. Lawrence & Co., Inc.,* 95 F.3d 1170, 1182 (2d Cir. 1996) ("Front pay [under Title VII] is awarded in the sound discretion of the district court . . . ."); *Vernon v. Port Auth. of New York & New Jersey*, 220 F. Supp. 2d 223, 236 (S.D.N.Y. 2002) ("Front pay is an equitable remedy, available but not mandatory, under Title VII and the ADEA."); *Press v. Concord Mortg. Corp.,* No. 08-cv-09497 (KTD), 2010 WL 3199684, at *2 (S.D.N.Y. Aug. 5, 2010) ("[A]n 'award of front pay [under the ADA and ADEA] is exclusively

3

within a court's discretion.'" (quoting *Shannon v. Fireman's Fund Ins. Co.*, 136 F. Supp. 2d 225, 233 (S.D.N.Y. 2001)).

In contrast, courts evaluating requests for front pay under the New York State Human Rights law have found that front pay is a legal remedy appropriate for the jury. *See, e.g.*, *Jattan v. Queens Coll. of City Univ. of New York*, 883 N.Y.S.2d 110, 113 (App. Div. 2009) ("[A]n award of 'front pay' and benefits . . . is one for monetary damages which must be submitted to a jury . . . ."); *Olaechea v. City of New York*, No. 17-cv-04797 (RA), 2022 WL 3211424, at *9 (S.D.N.Y. Aug. 9, 2022) (evaluating NYSHRL and New York City Human Rights Law ("NYCHRL") and finding that "under both the city and state laws, front pay is a legal remedy that may be awarded by a jury"); *Shannon*, 136 F. Supp. 2d at 228 n.3 (S.D.N.Y. 2001) ("[F]ederal courts applying New York law have found that the question as to whether a plaintiff is entitled to an award of back or front pay should generally be decided by a jury.").

The question before this Court now is how to treat Plaintiff's request for front pay damages under NYLL § 740. In evaluating this question, the Court first turns to the text of NYLL § 740. "When presented with a question of statutory interpretation, [the] primary consideration is to ascertain and give effect to the intention of the legislature," and "the clearest indicator of legislative intent is the statutory text." *Kuzmich v. 50 Murray St. Acquisition LLC*, 34 N.Y.3d 84, 91 (2019) (alterations adopted) (citation omitted); *accord Springfield Hosp., Inc. v. Guzman*, 28 F.4th 403, 418 (2d Cir. 2022) ("Our analysis begins, as it must, with the plain text of [the statute]."). When "looking at a statute's plain meaning, [the Court] also must consider the context in which the statutory terms are used . . . ." *Springfield Hosp., Inc.*, 28 F.4th at 418.

NYLL § 740(4)(a) provides that "[a]n employee who has been the subject of a retaliatory action in violation of this section may institute a civil action in a court of competent jurisdiction . . . ." NYLL § 740(4)(a). Section 740(4)(b) states that "the parties shall be entitled to a jury

4

trial" in any such action. *Id.* § 740(4)(b). The remedies available for such an action are then set forth in § 740(5), which includes injunctive relief, civil penalties, compensation for lost wages and benefits, and punitive damages. *See id.* § 740(5). Relevant here, § 740(5)(b) permits the court to order "the reinstatement of the employee to the same position held before the retaliatory action, or to an equivalent position, or front pay in lieu thereof." *Id.* § 740(5)(b).

Given that the statute provides for a jury trial at § 740(4)(b), at least some of the delineated remedies must be legal as opposed to equitable. While reinstatement is concededly equitable relief, *Williams v. Arc of Rensselaer Cnty.*, 175 N.Y.S.3d 458, 459 (N.Y. Sup. Ct. 2022) (finding no right to a jury trial for NYLL § 740 claim where plaintiff sought only equitable relief such as reinstatement), NYLL § 740(5)(b) provides that a plaintiff may seek reinstatement "or front pay in lieu thereof." NYLL § 740(5)(b). The ordinary meaning of the words "or" and "in lieu thereof" indicate that front pay is an alternative and distinct remedy to reinstatement. The word "or" is "used as a function word to indicate an alternative." *Or*, *Merriam-Webster*, https://www.merriam-webster.com/dictionary/or (last visited October 18, 2025). Likewise, the term "in lieu" normally means "instead." *Lieu*, *Merriam-Webster*, https://www.merriam-webster.com/dictionary/lieu (last visited October 18, 2025). Thus, the statute provides for the equitable remedy of reinstatement as well as a distinct and alternative legal remedy of monetary damages of front pay to compensate for lost future earnings.

NYLL § 740's legislative history and case law interpreting the statute support the conclusion that front pay is a legal remedy. Prior to its amendment in 2021, the NYLL only permitted equitable relief and did not provide for a jury trial. *See Zhang v. Centene Mgmt. Co., LLC*, No. 21-cv-05313 (DG) (CLP), 2023 WL 2969309, at *15 (E.D.N.Y. Feb. 2, 2023) ("Prior to the 2021 amendments, a plaintiff bringing a NYLL Section 740 action had no right to a jury trial and was limited to certain equitable relief . . . ."). Given that only equitable relief was

5

available, courts expressly rejected the availability of front pay for a pre-amendment NYLL § 740 claim.  *See, e.g.*, *Kraus v. New Rochelle Hosp. Med. Ctr.*, 628 N.Y.S.2d 360, 364 ("[T]he trial court erred in awarding the plaintiff lost future earnings and fringe benefits, since the statute does not authorize recovery of future lost wages and future lost benefits."); *Hoffman v. Altana, Inc.*, 603 N.Y.S.2d 499, 500 (App. Div. 1993) ("Since Labor Law § 740(5) does not authorize recovery for loss of anticipated lost wages, anticipated lost overtime compensation, the value of anticipated lost benefits and punitive damages, those claims, as asserted in the plaintiff's complaint, must be dismissed."); *Scaduto v. Rest. Assocs. Indus., Inc.*, 579 N.Y.S.2d 381, 382 (App. Div. 1992) ("§ 740 only provides for equitable relief which mandates back pay, but, no more.").

In *Pal v. New York Univ.*, No. 06-cv-05892 (PAC) (FM), 2010 WL 289305 (S.D.N.Y. Jan. 25, 2010), *aff'd,* 583 F. App'x 7 (2d Cir. 2014), for example, the plaintiff sued under an analogous NYLL whistleblower statute that adopts the remedies provided for by NYLL § 740(5).  *Id.* at *5.  Plaintiff argued that she was "entitled to recover front pay because § 740(5)(d) provides for recovery of 'lost wages . . . and other remuneration.'"  *Id.* (omission in original). The court disagreed.  Given that (prior to amendment) the statute was silent as to front pay, the court relied on the Appellate Division cases *Kraus*, *Hoffman*, and *Scaduto*, in finding that the relief in § 740(5) is exclusive and therefore does not authorize recovery of anticipated lost wages.  *Id.* at *5-6.  The court also noted that "under New York law . . . front pay is a legal remedy to be determined by the jury" and NYLL §740 only permitted equitable relief ordered by the court.  *Id.* at *6.  The Second Circuit reaffirmed this analysis in a summary order.  *Pal v. New York Univ.*, 583 F. App'x 7, 10 (2d Cir. 2014) (summary order); *see Liana Carrier Ltd. v. Pure Biofuels Corp.*, No. 14-cv-03406 (VM), 2015 WL 10793422, at *4 (S.D.N.Y. Aug. 14, 2015) ("[C]ourts in the Second Circuit have often noted that unpublished opinions and Summary

Orders from the Second Circuit Court of Appeals, while not binding, . . . may be seen as highly persuasive and predictive of how the Second Circuit Court of Appeals would decide an issue in the future."), *aff'd,* 672 F. App'x 85 (2d Cir. 2016).  The Second Circuit held that plaintiff was not entitled to a jury trial on her whistleblower claim insofar as she sought front pay because §740 "offers only equitable remedies" and future lost wages are therefore not recoverable.  *Pal*, 583 F. App'x 10 (first citing *Scaduto*, 579 N.Y.S.2d at 382; and then citing *Hoffman*, 603 N.Y.S.2d at 500).

The New York State Legislature then amended NYLL § 740 in 2021 to provide, among other things, a right to a jury trial and the express right to recover front pay.  *See* NYLL § 740; *Williams*, 175 N.Y.S.3d at 459 ("Prior to . . . 2021, in a Labor Law 740 action, a plaintiff had no right to a jury trial, and was limited to the equitable relief 'such as an injunction, reinstatement, back pay . . . (and not) general monetary damages . . . ." (quoting Richard A. Givens, Practice Commentaries, McKinney's Consolidated Laws of New York, Labor Law 740, p. 566)).  Courts "assume that, when [a legislature] enacts statutes, it is aware of relevant judicial precedent." *Tanvir v. Tanzin*, 894 F.3d 449, 463 (2d Cir. 2018) (quoting *Ryan v. Gonzales*, 568 U.S. 57, 66 (2013)).  Thus, the Legislature added the right to recover front pay and the right to a jury trial in the context of courts holding that front pay was not permitted for a NYLL §740 violation because it was not set forth in the statute and was a legal remedy appropriate for jury determination.  Given this, it is reasonable to conclude that the Legislature amended the statute to permit plaintiffs to seek from a jury the legal relief of monetary front pay damages for violations of §740.

The Court's conclusion that front pay under § 740 is a legal remedy is further supported by the treatment of front pay by New York courts in the context of other state law remedial statutes such as the NYSHRL.  In *Murphy v. Am. Home Prods. Corp.*, 527 N.Y.S.2d 1 (App.

7

Div. 1988), for example, the Appellate Division examined whether a NYSHRL age discrimination suit under Executive Law § 297(9) seeking monetary damages of lost future earnings until normal retirement is triable by a jury. *Id*. at 1. The court held that "the statute itself contemplates that a person aggrieved by unlawful discrimination can obtain full relief by way of money damages only." *Id.* at 3. The fact that a plaintiff *could* seek alternate equitable relief such as reinstatement or injunctive relief was not determinative, because the plaintiff "made clear" that "he [did] not wish reinstatement or other injunctive relief but wishe[d] to be compensated by an appropriate monetary award and there is nothing whatever in the facts set forth by him which would not permit the entry of money judgment only for his attainment of full and complete relief." *Id.* at 4. The court rejected the argument that future lost earnings could not be awarded by a jury, explaining that "[t]hese are precisely the type of damages that juries in our state are called upon every day to determine in personal injury and other types of actions." *Id.* Finally, the court found unpersuasive the argument that front pay has been considered equitable in nature in the context of federal statutes because those were different statutes than the state law at issue. *Id.* The court concluded that because the plaintiff "has elected to proceed by way of legal action in which he makes no request, either overtly or impliedly, for reinstatement or any other type of equitable relief in lieu of future lost earnings, but has, instead, chosen, as is his prerogative, to seek money damages alone as his sole and exclusive remedy for the age discrimination which he alleges he suffered," he was "entitled to a trial by a jury on that claim." *Id.*. Consistent with this holding, as discussed previously, courts interpreting the NYSHRL have consistently held that front pay is a legal remedy as opposed to equitable relief reserved for court consideration. *See, e.g.*, *Olaechea*, 2022 WL 3211424, at *9 (evaluating NYSHRL and NYCHRL and finding that "under both the city and state laws, front pay is a legal remedy that may be awarded by a jury"); *Epstein v. Kalvin-Miller Intern, Inc.*, No. 96-cv-08158 (PKL), 2000

8

WL 1761052, at *1 (S.D.N.Y. Nov. 29, 2000) ("[F]ederal courts sitting in New York and applying New York law have ruled that frontpay is a jury question under the NY[S]HRL.").

The reasoning of cases like *Murphy* applies with equal force to Plaintiff's claim for front pay under NYLL § 740.  Section 740(5) expressly provides for various forms of equitable and legal relief, and Plaintiff here has elected not to seek equitable relief in the form of reinstatement or an injunction but instead is seeking money damages to address his injury of lost future earnings — compensatory damages "that juries in [New York] are called upon every day to determine in personal injury and other types of actions." *Murphy*, 527 N.Y.S.2d at 4.[1]

Finally, this Court is not persuaded by Defendant's reliance on cases that have held that front pay is equitable relief in the context of federal statutes.  The availability of front pay awards under federal statutes derives from a federal statutory grant of equitable authority.  Under Title VII, Congress granted federal courts the power to "order such affirmative action as may be appropriate, which may include . . . reinstatement . . . with or without back pay . . . or any other equitable relief as the court deems appropriate."  42 U.S.C. § 2000e-5(g)(1).  Courts have "endorsed a broad view of front pay," finding that front pay falls under the court's authority to grant equitable relief.  *Pollard v. E.I. du Pont de Nemours & Co.*, 532 U.S. 843, 849–50 (2001); *see also Whittlesey*, 742 F.2d at 728 (interpreting language ADEA analogous to Title VII as authorizing front pay as "equitable relief . . . appropriate to effectuate the purposes of [the act]" (alteration in original)).

---

[1] In a separate context, courts have found that front pay requests under the NYLL are legal in nature rather than equitable for purposes of a request for a preliminary injunction under Rule 65. *See, e.g.*, *Wen v. CT & TC Corp.*, No. 16-cv-04214, 2017 WL 59082, at *2 (E.D.N.Y. Jan. 5, 2017) (finding NYLL and FLSA claims to be primarily legal and not equitable where plaintiffs were seeking "five years of front pay as money damages for the alleged retaliation").

Defendant has provided the Court with no basis to find that a request for monetary relief of future lost wages for a violation of NYLL § 740 constitutes an equitable remedy simply because federal statutes authorize front pay awards pursuant to their broad statutory grants of equitable power. *See, e.g., Murphy,* 527 N.Y.S.2d at 4 ("Defendant's attempt to characterize future lost earnings, which it denominates as 'front-end pay', as equitable in nature on the basis of certain federal case law is neither persuasive nor consonant with the statute before us."). Courts have consistently recognized that this federal jurisprudence is inapplicable to New York state claims, and this Court will not deviate from that consensus. *See, e.g.*, *Tyler v. Bethlehem Steel Corp.*, 958 F.2d 1176, 1189 (2d Cir. 1992) (stating that "all money damage awards under New York's Human Rights Law are legal remedies" in contrast to federal ADEA statute); *Thomas v. iStar Fin., Inc.*, 508 F. Supp. 2d 252, 257–58 (S.D.N.Y. 2007) ("[U]nder state human rights law, unlike Title VII, front pay is a legal remedy to be decided by the jury."); *Chisholm*, 824 F. Supp. 2d at 576 (S.D.N.Y. 2011) ("Although front pay is an equitable remedy under Title VII, any form of money damages, including front pay, is a legal remedy to be decided by the jury under the NYSHRL"); *Todaro v. Siegel Fenchel & Peddy, P.C.*, No. 04-cv-02939 (JS) (WDW), 2008 WL 11446818, at *6 (E.D.N.Y. Aug. 11, 2008) ("As clear as the federal law is on this issue; so to[o] is the state law: 'under state human rights law, unlike Title VII, front pay [and back pay] is a legal remedy to be decided by the jury.'" (alteration in original) (citation omitted)); *Tanzini v. Marine Midland Bank, N.A.*, 978 F. Supp. 70, 80 (N.D.N.Y. 1997) ("[W]hile an award of front pay is an equitable remedy for the [c]ourt under the ADEA,

such damages are a legal remedy properly determinable by the jury under the [NYS]HRL." (internal citations omitted)).[2]

Based on the foregoing, the Court concludes that the Legislature's amendments to NYLL § 740 provide Plaintiff with the right to seek front pay as legal damages from the jury. The Court, of course, can remit any such award that is speculative or not otherwise permitted under the law. *See Olaechea*, 2022 WL 3211424, at *9 (remitting jury award of front pay under the NYSHRL and NYCHRL because "the jury did not have sufficient evidence to award Plaintiff any amount of front pay").

---

[2] During oral argument, Defendant cited to *Brito v. Marina's Bakery Corp.*, No. 19-cv-00828 (KAM) (MMH), 2022 WL 875099 (E.D.N.Y. Mar. 24, 2022) for the proposition that courts grant front pay for claims under the NYSHRL. *See id.* at *23 ("The court has the discretion to award front wages to a prevailing plaintiff under the NYSHRL and the NYCHRL."). The Court is not persuaded that this case alters the consensus that front pay for NYSHRL claims are legal damages appropriate for a jury because (a) the procedural posture of *Brito* concerns findings of liability and an award of damages on default judgment, *id.* at *3; and (b) the *Brito* court cites to and relies on cases that award front pay in response to default judgment motions in cases involving Title VII claims, *id.* at *23 (first citing *Becerril v. E. Bronx NAACP Child Dev. Ctr.*, No. 08-cv-10283 (PAC) (KNF), 2009 WL 2611950, at *3–4 (S.D.N.Y. Aug. 18, 2009) ("Under Title VII, a district court has the discretion to grant pre-judgment interest on an award of back pay."), *report and recommendation adopted sub nom. Becerril v. Ease Bronx NAACP Child Dev. Ctr.*, No. 08-cv-10283 (PAC) (KNF), 2009 WL 2972992 (S.D.N.Y. Sept. 17, 2009); and then citing *Antoine v. Brooklyn Maids 26, Inc.*, 489 F. Supp. 3d 68, 78, 95 (E.D.N.Y. 2020) (awarding front pay in the context of default judgment for Title VII, NYSHRL, and NYCHRL claims)).

## CONCLUSION

For the foregoing reasons, the Court finds that Plaintiff's request for front pay for a violation of NYLL § 740 is legal relief appropriate for jury determination and the demand shall be submitted to the jury.

Dated: October 20, 2025
New York, New York

SO ORDERED.

*Jennifer Rochon*
JENNIFER L. ROCHON
United States District Judge